# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0544V

|  |  |
|---|---|
| EDLIN M. CRAWFORD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 9, 2024 |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 12, 2019, Edlin M. Crawford filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that as a result of an influenza vaccine she received on September 4, 2017, she suffered a shoulder injury related to vaccine administration ("SIRVA") as defined by the Vaccine Injury Table. Petition ECF No. 1 at Preamble. On February 5, 2024, I issued a decision determining entitlement and awarding

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation to Petitioner in the amount of $105,045.57, following briefing by the parties. ECF No. 45.

On March 21, 2024, Petitioner filed a motion for attorney's fees and costs, requesting an award of $94,290.66 (representing $76,732.00 in fees, plus $17,558.66 in costs). ECF No. 50. She also filed additional argument and evidence regarding the hourly rate used to calculate costs related to her expert, Dr. Uma Srikumaran: an affidavit, updated curriculum vitae, and the expert's fee schedule, and supporting affidavits from other orthopedists and an individual working for a firm that specializes in procuring experts to testify in legal proceedings. Petitioner's Brief in Support of Expert's Hourly Rate, ECF No. 51; Exhibits 42-48, ECF No. 52. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 50-3.

Respondent reacted to the motion on April 3, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2, 4 n.2, ECF No. 53. Regarding the hourly rate requested for Petitioner's expert, Respondent notes that "[t]o the extent petitioner is requesting higher expert hourly rates than what has typically been awarded in the past, [R]espondent submits that the Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues." *Id.* at 3. Petitioner did not file a reply.

Because the expert rate requested for the work performed by Dr. Srikumaran was greater than that usually paid in vaccine cases, I delayed acting on Petitioner's motion in this case so the issue could be more thoroughly briefed in a lead case being adjudicated by another special master. After approximately one year, a fees decision was issued in that case. *See Aycock v. Sec'y of Health & Hum. Servs.,* No. 19-0235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023).

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the

service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 by Petitioner's attorneys are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 50 at 8-9.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive - although not egregiously so, considering the more complicated issues related to entitlement that required expert evidence. *See* Petitioner's Motion for Ruling on the Record, filed Aug. 6, 2021, ECF No. 36; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on the Record, filed Sept. 27, 2021, ECF No. 40. Petitioner's counsel expended approximately 44.5 hours drafting the entitlement and damages brief, and 19.9 hours drafting the responsive entitlement and damages brief, totaling 62.4[3] hours. ECF No. 50-2 at 21-26.

---

[3] These totals are calculated as follows: 54.4 hours billed on 4/14/21, 5/18/21, 6/7/21, 7/15/21, 8/2/21, 8/3/21, 8/4/21, 8/5/21, 8/6/21, 9/17/21, 9/20/21, 9/21/21, 9/22/21, 9/23/21, 9/24/21, and 9/27/21 billed at a rate of $420 by William Cochran and 8.0 hours billed on 8/5/21 at a rate of $161 by paralegal Stan Medlin.

My above calculation does not include time spent communicating with Petitioner and her expert Dr. Srikumaran, reviewing the expert evidence in this case, and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g., ECF No. 50-2 at 21-23 (entries dated 4/14/21, 4/21/21, 4/23/21, and 5/20/21). Nor am I including 2.0 hours of time spent reviewing recent SIRVA damages decisions in 2023, while awaiting my decision. ECF No. 50-2 at 27 (entry dated 7/13/23).

Given the additional time required to address the expert evidence in this case, I would expect Petitioner's counsel to expend up to twice the time usually needed to finalize any briefing. However, the time billed in this case still exceeds what that total would be.[4] Thus, I find that a modest reduction of 10 percent (rather than the 30 percent I commonly

---

ECF No. 50-2 at 21-26.

[4] *See,* e.g., *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024).

apply)[5] is warranted. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 64.4 hours, or $24,136.00**) by *ten percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,413.60.**[7]

## LITIGATION-RELATED COSTS

Petitioner requests $17,558.66 for costs (which includes $15,400.00 for Dr. Srikumaran's preparation of two expert reports). ECF No. 50-2 at 29-30. Petitioner has provided adequate supporting documentation for all non-expert claimed costs (ECF No. 50-2 at 31-62), and I find them to have been reasonably incurred. I thus will award the $2,158.66 related to the costs of obtaining medical records and travel in full. But expert-associated costs require more analysis.

In the Vaccine Program, expert work is reimbursed in the same manner as attorney's fees, using the lodestar method. *See Chevalier v. Sec'y of Health & Hum. Servs.*, No. 15-01V, 2017 WL 490426 (Fed. Cl. Spec. Mstr. Jan. 11, 2017 (applying the lodestar calculation to both attorneys' fees and expert costs)). There are numerous factors to be considered when determining an appropriate expert hourly rate: "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the information provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by the [Vaccine Act]." *Aycock v. Secretary of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023).

---

[5] *See*, e.g. *Brantley-Karasinski v. Sec'y of Health & Hum. Servs.*, No. 20-1058V, 2024 WL 1912574 (Fed. Cl. Spec. Mstr. Nov. 25, 2023) (reducing by 30 percent the hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief - 21 and 19.1, respectively).

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: (54.4 x $420 x .10) + (8.0 x $161 x .10) = $2,413.60.

Although petitioners in other vaccine cases have been awarded the full amounts sought for Dr. Srikumaran's work, which were calculated using the same hourly rate as utilized in this case ($1,000 per hour), these awards were based on factors such as Dr. Srikumaran's expertise, quality of work, and *efficient use of time*. *See,* e.g.*, Aycock,* 2023 WL 8869423, at *10. I have adopted this reasoning in one other SPU case. *See Elmakky v. Sec'y of Health & Hum. Servs.,* No. 17-2032V, 2024 WL 3160506, at *4 (Fed. Cl. Spec. Mstr. May 22, 2024) (declining to set a prospective rate but reimbursing the full amount sought ($6,050.00) based upon the reasonableness of the overall cost and invaluable contribution it made to efficiently resolving the case). However, special masters have determined that a reduced hourly rate for Dr. Srikumaran's work is sometimes warranted when his work was not as helpful or efficient as in other vaccine cases. *See,* e.g., *Durham v. Sec'y of Health & Hum. Servs.,* No. 17-1899V, 2024 WL 4369198, at *4 (Fed. Cl. Spec. Mstr. Sept. 6, 2024 (utilizing the average hourly rate for orthopedic surgeon cited by that petitioner ($663) when Dr. Srikumaran's performance "was not necessarily substandard overall, [but did] not warrant a premium" ($1,000 per hour) as that petitioner requested)).

Dr. Srikumaran's expert reports were instrumental in reaching an appropriate resolution in this case, and he produced both an initial and supplemental expert report – not due to any inadequacy of the initial report but to rebut arguments presented by Respondent's expert. But a reduction is warranted in this case, on efficiency grounds.

In addition, I am not wholly persuaded by *Aycock's* reasoning[8] as to the propriety of the requested rate, which is exceedingly high by any measure. Although Petitioner has provided data regarding the hourly rates paid to orthopedic surgeons such as Dr. Srikumaran (ECF No. 52), this data similarly shows that the average hourly rate for all orthopedic surgeons practicing in the United States ($663) is actually a lower sum. ECF No. 50-3 at 4. And that amount is still high when compared to rates historically awarded to Vaccine Program experts.

Accordingly, adopting the reasoning in *Durham*, I will calculate Dr. Srikumaran's expert costs utilizing that lower rate. **I will award $10,210.20[9] in expert-associated costs, along with the previously mentioned $2,158.66, totaling $12,368.86 in litigation-related costs.**

---

[8] I am also not bound to follow *Aycock*. *See Boatmon v. Sec'y of Health & Hum. Servs.*, 941 F.3d 1351, 1358 (Fed. Cir. 2019); *Hanlon v. Sec'y of Health & Hum. Servs.,* 40 Fed. Cl. 625, 630 (1998) *aff'd,* 191 F.3d 1344 (Fed. Cir. 1999).

[9] 15.4 hrs. x $663 = $10,210.20.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$86,687.26 (representing $74,318.40 in fees plus $12,368.86 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, William E. Cochran.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.